IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY OVERDORFF, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 18-750 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| NAU COUNTRY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Bradley Overdorff ("Plaintiff" or "Overdorff") initiated this action on June 7, 2018, against Defendant NAU Country Insurance Company ("Defendant" or "NAU"), with a Complaint to Vacate Award of Arbitrator. ECF No. 1. This is Overdorff's second action challenging an arbitrator's conclusion that Overdorff failed to timely initiate arbitration of an underlying crop insurance dispute and therefore is barred from obtaining relief. This Court dismissed Overdorff's first action, filed at No. 18-79, pursuant to Rule 12(b)(6) for failure to state a claim. Overdorff v. NAU Country Insurance Company, No. 18-79, 2018 WL 3637471 (July 31, 2018).

The underlying insurance dispute arises out of damage to a 2011 corn crop. Overdorff presented a claim for his losses to NAU under the terms of a federally-reinsured crop insurance policy. NAU paid the claim in the amount of $13,417. In March 2013, pursuant to its oversight function, the Federal Crop Insurance Corporation ("FCIC")/Risk Management Agency ("RMA"), determined that Overdorff had not sustained a covered loss. Based upon this

determination, on July 17, 2013, NAU served Overdorff with a Notice of Debt equal to the indemnity payment remitted. In the Notice of Debt, NAU demanded payment and advised Overdorff of his ability to seek review within thirty days, and stated that such review "does not take the place of or limit your right to arbitration."

Under applicable federal regulations, and the terms of the policy at issue, arbitration proceedings were required to be initiated "within one year of the date we denied your claim or rendered the determination with which you disagree, whichever is later." ECF No. 1-2 at 3-4. Overdorff failed to initiate arbitration proceedings within one year of the disallowance of his indemnity payment, and he has not repaid the indemnity amount deemed owing. Accordingly, pursuant to applicable federal regulations, Overdorff is ineligible for federally insured or reinsured crop insurance for any subsequent crop year until the amount owed is repaid. 7 C.F.R. § 457.8 Section 2.

Overdorff first sought to challenge the July 2013 overpayment determination by initiating arbitration relative to a letter dated July 22, 2015, wherein NAU notified him that reconsideration of the initial determination would not be afforded. The arbitrator issued a Final Award on January 18, 2017, recognizing that the dispute before him was predicated on the July 18, 2013 Notice of Debt, and was subject to the policy's one-year limitation to commence arbitration proceedings. Because more than one year had elapsed since the issuance of the Notice of Debt, the arbitrator ruled that the dispute was time barred. Further, because the limitation period was jurisdictional, he did not have authority to decide the dispute before him. No. 18-79, ECF No. 1-3.

Overdorff thereafter sought review of the arbitrator's decision in this Court, contending that the arbitrator exceeded his authority by interpreting the terms of the policy at issue, a

2

function vested in the FCIA, when he concluded that the July 2013 Notice of Debt was a "determination" subject to arbitration. This Court concluded that the word "determination" did not require interpretation, and therefore the timeliness of Overdorff's resort to arbitration was an issue properly before the arbitrator. Overdorff v. NAU Country Insurance Company, 2018 WL 3637471 at *6. Accordingly, this Court granted NAU's Motion to Dismiss for failure to state a claim, and an appeal from the Order is pending in the United States Court of Appeals for the Third Circuit. Overdorff v. NAU Country Insurance Company, No. 18-2940 (3d Cir. Aug. 31, 2018).

With regard to this action, Overdorff initiated arbitration proceedings relative to a Notice of Debt received on April 10, 2017, informing him that he remains ineligible for crop insurance due to the outstanding overpaid indemnity. ECF No. 11-2 at 22. The assigned arbitrator concluded that the limitations period to challenge the overpayment determination could not be extended or restarted each time Overdorff receives a Notice of Debt. Because the instant arbitration proceeding was commenced on November 8, 2017, more than four years after NAU's letter disallowing the indemnity payment, the arbitrator concluded that he was without authority and jurisdiction to decide the claim at issue; i.e., the propriety of the determination that Overdorff's 2011 claim should be disallowed. Id. Overdorff thereafter filed this action with a Complaint to Vacate Award of Arbitrator.

Pending now before the Court is a Motion to Dismiss filed on behalf of NAU for failure to state a claim upon which relief may be granted. ECF No. 8. Overdorff responds candidly that "[m]any of the issues before the Court on the Defendant's Motion to Dismiss in this case are the same as was before the Court in its previous decision of July 31, 2018. Having said that, *the*

*Plaintiff will resubmit the arguments that he unsuccessfully made in the Defendant's prior motion with certain additions.*" ECF No. 11 at 2.

The Court has reviewed Overdorff's arguments in opposition to NAU's Motion to Dismiss, and again concludes that for each of the reasons set forth in this Court's Opinion dated July 31, 2018, Overdorff cannot establish that the arbitrator exceeded the authority granted under the policy at issue, and thus has failed to state a claim upon which relief may be granted. The following Order is entered:

## ORDER

AND NOW, this 12th day of September, 2018, upon consideration of the Motion to Dismiss filed on behalf of Defendant NAU Country Insurance Company, and the briefs and exhibits filed in support and in opposition thereto, it is hereby ORDERED that the motion is GRANTED, and the Complaint to Vacate Award of Arbitrator is dismissed.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

_____
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE